IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV605-MU

GERALD FORREST,                    )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )        ORDER
                                   )
TRANSIT MANAGEMENT OF              )
CHARLOTTE, INC.,                   )
                                   )
    Defendant.                     )
_____)

This matter is before the court upon the Defendant's Motion for Summary Judgment. The *pro se* Plaintiff, a former employee of the Defendant, was terminated following an altercation with a co-worker. Plaintiff has sued pursuant to Title VII alleging that his termination was discriminatory because he was treated differently in the enforcement of Defendant's policies than other employees who are Caucasian. Specifically, Plaintiff alleges that white employees committed serious violations of Defendant's policies but were not terminated.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson v. Liberty Lobby, 477 U.S. 242 (1986). The party opposing the motion may not rest upon its pleadings but instead must provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. at 248.

In a disparate treatment case, the most common method for Plaintiff to establish a prima facie case is to show that: (1) he is a member of a protected class, (2) he was disciplined, (3) a person of another race engaged in similar conduct, and (4) that the disciplinary measures taken against the plaintiff were harsher than those taken against the other person. <u>Wall v. The City of Durham</u>, 169 F.Supp.2d 466, 474 (M.D.N.C. 2001).

Plaintiff has submitted some evidence to support his claim that he was treated differently in the enforcement of Defendant's disciplinary policies that white employees. Therefore, the court finds that there exists a genuine issue of material fact and summary judgment is not appropriate.

Plaintiff's Complaint appears to allege a claim only under Title VII. However, to the extent Plaintiff's Complaint might be interpreted to allege a wrongful termination claim under state law, the court finds that summary judgment for the Defendant is appropriate as to that claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby DENIED, and this case shall be set for trial during the September 2005 mixed trial term.

This 2nd___ day of___may_____, 2005.

Graham C. Mullen
Chief United States District Judge

_____

Graham C. Mullen
Chief United States District Judge